# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 05-1238

————————

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Timothy Calhoun, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

————————

Submitted: October 6, 2005
Filed: October 11, 2005

————————

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

————————

PER CURIAM.

Timothy Calhoun (Calhoun) pled guilty to failing to pay child support, in violation of 18 U.S.C. § 228(a)(3). The district court[1] treated the Guidelines as advisory and sentenced him to 24 months in prison and 1 year of supervised release. On appeal, his counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967). Counsel argues the prison sentence imposed by the district court, which was the sentence called for by the Guidelines, is unreasonable under the standard of review announced in United States v. Booker, 125 S. Ct. 738,

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

765-66 (2005), because a non-prison sentence would better address the factors listed in 18 U.S.C. § 3553(a), particularly the goal of having Calhoun pay past and future child support.

We have reviewed the record and are satisfied the district court considered all of the section 3553(a) factors present in this case. The court expressly declined to impose a sentence that would have allowed Calhoun to work and pay child support because Calhoun had a lengthy history of failing to pay child support. The court found during the four years preceding the filing of the instant charge, Calhoun had paid less than $200 in total child support; and during the seven months he was free on bond on the instant charge, despite being required to pay child support as a condition of his bond, Calhoun had paid only $125 in child support. With this history, we cannot say the sentence imposed is unreasonable.

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we conclude there are no nonfrivolous issues for appeal. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

_____